UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2008 FEB -4  P 1: 19

U.S. DISTRICT COURT
BRIDGEPORT, CONN

MAGDALIZ L. NEGRON

    Plaintiff,

V.

    CIVIL ACTION NUMBER

    **308CV182**

MALLON CHEVROLET, INC.

    Defendant.    JANUARY 25, 2008

## COMPLAINT

### FIRST COUNT:

1. This is an action for a declaratory judgement, an injunction and damages for violations of The Truth in Lending Act, 15 U.S.C. §1601 et seq., and for actual, minimum and for violation of the Connecticut Unfair Trade Practices Act § 42-110a Conn. Gen. Stat., et seq.

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640 (e) and 28 U.S.C. §§ 1331 and 1367.

3. Plaintiff is a resident of Connecticut.

4. Defendant Mallon Chevrolet, Inc. hereinafter referred to as ("MCI") has a place of business at 774 West Thames Avenue, Norwich, CT 06360.

5. At all times herein defendant MCI in the ordinary course of business regularly extended consumer credit that was payable in more than four installments.

6. Defendant is a creditor within the meaning of C.G.S. § 36a-676, et seq and 15

U.S.C. § 1601, et seq. and regulations promulgated thereunder.

7. On or about May 18, 2007, plaintiff entered into a consumer credit transaction with defendant MCI to buy a car for personal, family or household use.

8. Defendant MCI failed to provide accurate closed-end disclosures as required by 15 U.S.C. § 1601 et seq., C.G.S. 36a 676 et seq and the regulations thereunder at or prior to consummation of the transaction.

9. The disclosures on the retail installment contract were inaccurate in that defendant failed to provide the disclosures as set forth in 12 C.F.R. § 226.17.

10. The disclosures on the retail installment contract were inaccurate in that defendant failed to provide the disclosures as set forth in 12 C.F.R. § 226.18.

11. Defendant MCI stated on the Retail Installment Contract that plaintiff had made a cash down payment of $250 when in fact plaintiff did not make a cash down payment.

12. Plaintiff has suffered and will suffer severe monetary loss and inconvenience as a result of defendant's actions.

SECOND COUNT:

13. The allegations of paragraph no. 7 of the First Count are repeated as if fully set forth herein.

14. Defendant MCI has committed one or more unfair or deceptive acts or practices in violation of the Connecticut Unfair Trade Practices Act § 42-110a Conn.

Gen. Stat. et seq., including, but not limited to failing to disclose to plaintiff the accurate financial terms of the transaction, failing to comply with 12 C.F.R. 226.17 and 18.

15. Plaintiff has suffered and will suffer severe monetary loss and inconvenience as a result of defendant's actions.

WHEREFORE, it is respectfully prayed that this Court:

1. Award plaintiff's statutory damages, actual damages, and costs and a reasonable attorney's fee on Count I.

2. Award plaintiff actual damages, punitive damages and attorney's fees for violation of the Connecticut Unfair Trade Practices Act on Count II.

3. Award such other or further relief, as the Court deems just or equitable including the return of the auto.

THE PLAINTIFF

BY /s/ Bernard T. Kennedy
Bernard T. Kennedy
157 Pine Orchard Road
Branford, CT 06405
Tel (410) 305-4000
Fax (410) 305-4005
bernardtkennedy@yahoo.com
Fed. Bar # ct00680