**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

**MAGDALIZ L. NEGRON,**
**- Plaintiff**

**v.** **CIVIL NO. 03:08-CV-00182 (TPS)**

**MALLON CHEVROLET, INC.**
**- Defendant**

**Ruling on Motion for Leave to Amend Complaint**

The plaintiff, Magdaliz L. Negron, moves for leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). (Dkt. # 30). The defendant objects contending that the proposed amendments would prejudice it by requiring additional motion practice and discovery. (Dkt. # 31). For the reasons stated herein, the plaintiff's motion is **GRANTED.**

**I. Background**

The proposed Second Amended Complaint contains the same two counts as the prior complaints: (1) violation of The Truth in Lending Act, 15 U.S.C. § 1601 et. seq. and (2) violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et. seq. The proposed amendments consist of several new factual allegations regarding the consumer credit transaction that the plaintiff allegedly entered into with the defendant for the purchase

of an automobile.

The plaintiff's motion, filed on May 12, 2009, comes nearly twelve months after the defendant answered the original complaint on May 28, 2008, approximately six months after the court granted leave to file the First Amended Complaint on November 18, 2008, and two months after the discovery deadline of March 15, 2009. The defendant has not yet answered the First Amended Complaint. Neither party has moved for summary judgment. Nor has the court set a trial date. Moreover, the plaintiff's counsel represents that he postponed seeking the proposed amendment due to the scheduling of a settlement conference, which was held on May 1, 2009.

**II. Legal Standard**

After a responsive pleading has been filed, "a party may amend [its] pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Leave should be denied only upon a showing of "undue delay, bad faith or dilatory move on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed. 2d 222 (1962); State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d. Cir. 1981). Outright refusal to grant leave to amend without any justifying reason for the denial is an abuse of discretion. Min Jin

v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002).

The "most important factor" in the Rule 15(a) analysis is whether the opposing party would be prejudiced by the proposed amendment. Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008). This inquiry is "often intertwined" with the consideration of whether there was undue delay on the part of the movant: a long delay is more likely to be found prejudicial. Evans v. Syracuse City School Dist., 704 F.2d 44, 47 (2d Cir. 1983).

**III. Discussion**

Here, despite the defendant's contention that the proposed amendments constitute a "new legal theory," there does not appear to be a "sharp change in litigation strategy [by the plaintiff] after the [defendant] . . . devoted considerable time and expense to discovery, motion practice, and other proceedings in preparation for trial" so as to be prejudicial. Roller Bearing Co. Of America, Inc. v. American Software, Inc., 570 F. Supp. 2d 376, 384 (D. Conn. 2008) (citations omitted). Although the plaintiff's proposed amendments constitute new factual allegations, the plaintiff's causes of action remain unchanged. Moreover, even if the proposed amendments amounted to an entirely new cause of action, denial of the plaintiff's motion would still be an abuse of the court's discretion absent a finding of prejudice, bad faith, or futility. Id. (discussing cases).

The defendant, however, has failed to meet its burden of

demonstrating that it would be unfairly prejudiced by the proposed amendments. See Evans, 704 F.2d at 47. Although the defendant baldly contends that it would have to conduct additional "motion practice and discovery" (Dkt. # 31, Def. Obj.), there is no indication that such measures would entail substantial resources or would significantly delay resolution of the dispute, especially in light of the progress of the proceedings thus far. See Fluor, 654 F.2d at 856 (holding district court abused its discretion in not allowing amendment where no trial date had been set, no motion for summary judgment had been filed, and the proposed amendment would not likely involve "a great deal of additional discovery").

Furthermore, the court can discern no evidence of bad faith or dilatory motive on the part of the plaintiff in failing to seek the amendments sooner. Nor can the court infer such motive merely from the fact of the relatively short delay that has occurred. See Roller Bearing, 570 F. Supp. at 386; see also Fluor, 654 F.2d at 856 (three-year delay did not bar amendment).

Finally, the plaintiff has not "repeatedly failed to cure specifically identified deficiencies" in the complaint, nor has the defendant yet demonstrated the futility of the proposed amendments by showing that they are "implausible on their face" or that they are unlikely to survive a Rule 12(b)(6) motion to dismiss. See Roller Bearing, 570 F. Supp. at 386-87.

**IV. Conclusion**

For the foregoing reasons, leave to amend cannot be denied on the basis of prejudice, bad faith, repeated failure to cure deficiencies, or futility. Accordingly, the plaintiff's motion to amend the complaint (dkt. # 30) is **GRANTED.**

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 15th day of July, 2009.**

**/s/ Thomas P. Smith**
**Thomas P. Smith**
**United States Magistrate Judge**