```
            UNITED STATES DISTRICT COURT
              DISTRICT OF CONNECTICUT
```

**MAGDALIZ L. NEGRON,**
        **- Plaintiff**

    **v.**                        **CIVIL NO. 3:08-CV-182 (TPS)**

**MALLON CHEVROLET, INC.,**
        **- Defendant**

### ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Pending before the Court is Plaintiff's, Magdaliz L. Negron, Motion for Attorneys' Fees. The defendant, Mallon Chevrolet, Inc., has opposed the motion. For the foregoing reasons, the Court GRANTS the motion in part, and DENIES the motion in part.

**I.   Background**

This lawsuit arises out of the plaintiff's purchase of a used car from the defendant dealership on May 18, 2007. A bench trial was held September 28, 2010. 28 U.S.C. §636(c). The Court found for the plaintiff on her claims under the Truth in Lending Act (TILA), 15 U.S.C. §1601 et seq., and for the defendant on the plaintiff's claims under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §42-110a et seq. Dkt.#49-1 at 1. The Court awarded the plaintiff TILA statutory damages of $1,000 "together with costs and reasonable attorney's fees to be determined at a later date." Dkt. #49-1 at 5-6. As the plaintiff had not proved her CUTPA claim, judgment was entered in the

1

defendant's favor on that claim.  Id. at 16.  The parties were unable to reach an agreement on the attorneys' fee issue.

## II. Analysis

"To determine reasonable attorneys' fees, the Second Circuit has historically implemented the lodestar method of examining the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Silver v. Law Offices Howard Lee Schiff, P.C., No. 3:09cv912 (PCD), 2010 WL 5140851, at *1 (D.Conn. Dec. 15, 2010) (internal quotation marks and citation omitted). However, in 2008, the Second Circuit determined that "[t]he meaning of the term 'lodestar has shifted over time, and its value as a metaphor has deteriorated to the point of unhelpfulness."  Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008).  In place of the lodestar method, the court used the "presumptively reasonable fee" standard. Id. at 189.

The presumptively reasonable fee standard is predicated on the same basic analysis as the lodestar method: the multiplication of the hours reasonably expended by a reasonable hourly rate. See McDaniel v. County of Schenectady, 595 F.3d 411, 417 n.2 (2d Cir. 2010)("While the Arbor Hill panel indicated its preference for abandonment of the term 'lodestar' altogether, the approach adopted in that case is nonetheless a derivative of the lodestar method."). "Using the presumptively reasonable fee standard, the district court must engage in a four-step process: (1) determine the

2

reasonable hourly rate; (2) determine the numbers of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award." Silver,2010 WL 5140851, at *1, citing Adorno v. Port Authority of New York and New Jersey, 685 F.Supp.2d 507, 511 (S.D.N.Y. 2010) and McDow v. Rosado, 657 F.Supp.2d 463, 467 (S.D.N.Y. 2009). As part of the reasonableness analysis, the district court should consider the factors enumerated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974)[1], Arbor Hill, 522 F.3d at 184, and may adjust the presumptively reasonable fee based on the degree of success of the prevailing party. See Adorno, 685 F.Supp.2d at 511.

### A.  Reasonable Hourly Rate

A reasonable rate is the rate that "a reasonable, paying client would be willing to pay." Arbor Hill, 522 F.3d at 184. The Second Circuit instructs the district courts to consider factors such as the "complexity and difficulty of the case," "the resources required to prosecute the case effectively," the Johnson factors, and "the timing demands of the case." Id. at 184, 190.

---

[1] The twelve Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount invovlved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Johnson, 488 F.2d at 717-19.

Attorney Bernard Kennedy has requested an hourly rate of $400 for his services, while Attorney Michael Kennedy has requested an hourly rate of $350.  The Court has conducted an exhaustive review of recent attorney's fee awards for TILA and FDCPA cases in this District by attorneys with similar experience to the attorneys in this case, and concludes that an hourly rate of $325 for each attorneys is more appropriate. See, e.g. Gomez v. People's United Bank, No. 3:10cv904 (CSH), 2012 WL 3854956, at *2 (D. Conn. Sept. 5, 2012); O'Connor v. AR Resources, Inc, No. 3:08cv1703 (VLB), 2012 WL 12743, at *8 (D. Conn. Jan. 4, 2012); Silver v. Law Offices Howard Lee Schiff, P.C., No. 3:09cv912 (PCD), 2010 WL 5140851, at *2 (D.Conn. Dec. 15, 2010); Ellis v. Solomon & Solomon, P.C., No. 3:05cv1623 (JBA), 2009 WL 3418231, at *2 (D. Conn. Oct. 20, 2009); Cooper v. Ellis Crosby & Assoc., Inc., No. 3:05cv1467 (MRK), 2007 WL 1322380, at *3 n.3 (D. Conn. May 2, 2007).  While Bernard Kennedy has cited three cases in which he was awarded $400 per hour, two of those cases were in the District of Maryland.  The third case, Bundy v. NCE Financial, Inc., No. 3:10-cv-1462 (VLB)[2] (D. Conn. Dec. 10, 2010), ECF No. 22, involved a default judgment in which no defendant appeared in the case to challenge the request for fees.  In his affidavit in Bundy, Bernard Kennedy even noted

---

[2] The Court notes that plaintiff's counsel incorrectly cited the case number in his submission.  The Court makes this notation not to embarrass counsel, but to highlight the fact that the pleadings and papers authored by plaintiff's counsel in this case are replete with typographical errors, half-sentences and other indicia of sloppy work.  The quality of the work-product simply does not comport with the hours allegedly billed in this case.

that the "[h]ourly billing rates of Connecticut private counsel with which I am familiar are, Joanne S. Faulkner at $350.00 and Daniel Blinn at $325.00 per hour." Bundy, Affidavit in Support of Motion for Attorney Fees, Dec. 2, 2010, ECF No. 21-1 at 14.  The instant case was relatively simple and did not require a high level of skill to perform the legal service properly.  There are no circumstances that would warrant a higher fee for Messrs. Kennedy than Attorneys Faulkner or Blinn, the two preeminent consumer law attorneys in this District.  Accordingly, the Court finds that $325 is a reasonable hourly rate for Messrs. Kennedy in this case.

    **B.   Number of Hours Reasonably Spent**

"The task of determining a fair fee requires a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994).  Bernard Kennedy has submitted billing records for a total of 134.4 hours.  The Court has carefully reviewed the records, and finds these hours to be excessive for such a simple case.  This case involved one deposition, no motions for summary judgment, and a four hour trial.  As one example of the excessive billing in this case, Bernard Kennedy has submitted bills for approximately 29 hours of legal research, a figure that is patently unreasonable.  The bill for research and writing for the post-trial brief amounts to 24 hours.  Bernard Kennedy billed 14.5 hours for researching and drafting the

attorney fee application and supporting memorandum and affidavits. In short, all of these amounts are excessive in this simple case.

The Court's conclusion is buttressed by a review of other billing entries that appear to be improperly inflated. For example, Bernard Kennedy seeks payment for 10.5 hours for preparing witness questions for a trial that lasted 4 hours. He also seeks 0.4 hours for reviewing the Court's one page Order on Pretrial Deadlines, 0.4 hours to prepare and file a two sentence Request for Entry of Default, 0.5 hours to prepare and file a one paragraph Motion for Default Judgment, and 0.6 hours to file a two sentence Motion for Hearing on Damages. Bernard Kennedy also seeks 0.8 hours for filing a Motion to Amend the Complaint. Importantly, the proposed Amended Complaint added only two sentences to the initial Complaint, and the Motion to Amend simply explained that he was unsuccessful in obtaining defendant's position on the motion. Moreover, Bernard Kennedy seeks payment for 5.4 hours, at $400 an hour, to drive from his home in Branford to pick up his son/co-counsel at Bradley Airport, and to bring him back to the airport following the half day trial. He also seeks 7.1 hours of payment, again at $400 an hour, to fly from Maryland to Connecticut to attend a settlement conference that, according to the docket, lasted 80 minutes.[3] Finally, Bernard Kennedy seeks 2.8 hours for

---

[3] As will be discussed, Michael Kennedy also billed 4.6 hours to travel from Branford to Hartford to attend this 80 minute conference.

secretarial tasks related to the trial, including purchasing notebooks, copying exhibits and inserting them into notebooks for the Court, the clerk, and the parties.  This is in direct contrast to Paragraph 10 of his Affidavit, in which he states that his billing records "do not include non-legal tasks such as filing or copying."  The aforementioned examples further support the Court's determination that the number of hours billed in this case is unreasonable.

This is not the first time that a Judge in this District has found Messrs. Kennedy's request for attorney fees to be excessive.  In 2004, Magistrate Judge William I. Garfinkle reduced by more than half Messrs. Kennedys' request for attorney fees, noting that "[t]he time allocated to travel is excessive.  Counsel has a Branford office, and it is not reasonable to bill for expenses relate to travel to and from Florida in regard to this matter.  Moreover, the time allocated to administrative tasks, telephone calls, and research appears excessive in light of the relative simplicity of this matter."  Endorsement Order Granting in Part, and Denying In Part, Motion for Attorney Fees, Locascio v. Imps. Unlimited, Inc., No. 3:02cv299 (SRU), (D. Conn. Feb. 3, 2004), ECF No. 65.

Michael Kennedy has submitted a separate request for 13.1 hours for his time traveling to, and participating in, the settlement conference and trial.  To say that Michael Kennedy's

appearance at the trial was unnecessary is an understatement. Moreover, his attempt to take the stand as an expert witness was summarily rejected by the Court. In <u>Locascio</u>, a partially successful Odometer Act and CUTPA claim filed by Messrs. Kennedy client, Judge Underhill found that:

> there was no reason for two attorneys to work simultaneously on this case...[B]ecause both attorneys billed for trial attendance and preparation, they are essentially asking for a combined rate of $550 an hour for that time. That rate is too high. I express no opinion about which attorney was better suited to which tasks, instead I will simply reduce the total amount awarded to the plaintiff's counsel jointly by the amount of the duplicative fees (i.e., an amount equal to the amount of Michael Kennedy's submission)."

<u>Locascio</u>, ECF No. 81, (D. Conn. April 30, 2004). For the same reasons expressed by Judge Underhill, the Court finds that a combined rate of $750 an hour for Messrs. Kennedys' settlement conference and trial attendance was excessive, as it was clearly unnecessary for two attorneys to work simultaneously on this case. As in <u>Locascio</u>, the Court expresses no opinion as to which attorney was better suited to which tasks. Messrs. Kennedy can work out for themselves how they apportion the final award in this case.

Upon careful reflection, a reasonable number of hours to expend on this simple case is 75 hours. While the defendant has opined that 50 hours would be reasonable in this case, the Court has reviewed the records of this and other similar cases and concludes that 75 hours is more appropriate. The Court notes that Bernard Kennedy submitted a bill for 74.1 hours in <u>Locascio</u>, which

was also tried to the Court without a jury.

### C. Presumptively Reasonable Fee

The third step of the "presumptively reasonable fee" analysis is to multiply the "reasonable hourly rate" by the "number of hours reasonably expended" in order to calculate the "presumptively reasonable fee." Silver, 2010 WL 5140851, at *1. As detailed above, the "reasonable hourly rate" in this case is $325, and the "number of hours reasonably expended" is 75, which results in a "presumptively reasonable fee" of $24,375.

### D. Adjustments to the Presumptively Reasonable Fee

Finally, at the fourth step of the "presumptively reasonable fee" analysis, the Court must "make any appropriate adjustments to arrive at the final fee award." Silver, 2010 WL 5140851, at *1. A party advocating for reduction of the lodestar figure, or what is now referred to as the "presumptively reasonable fee," bears the burden of establishing that a reduction is justified. See U.S. Football League v. National Football League, 887 F.2d 408, 413 (2d Cir. 1989). Such an argument cannot be grounded in a lack of proportion between the amount of attorney's fees requested and the size of the award attained, as TILA, like many other consumer protection and civil rights statutes, "was enacted in part to secure legal representation for plaintiffs whose . . . injury was too small, in terms of expected monetary recovery, to create an incentive for attorneys to take the case under conventional fee

arrangements." Kassim v. Schenectady, 415 F.3d 246, 252 (2d Cir. 2005). Rather, the principle behind any argument for reduction should be to assure that fees are awarded only to the extent that the litigation was successful. See Norton, 36 F. Supp. 2d at 219. "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." Hensley v. Eckerhart, 461 U.S. 424, 440 (1983). Plaintiff's success in this case was unquestionably limited. While plaintiff is a prevailing party under TILA, justice requires that she only be awarded attorney's fees to the extent that the litigation was successful. As the Supreme Court stated in Hensley:

> Where a plaintiff has achieved excellent results, his attorney should recover a fully compensatory fee. . . . If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours spent times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit. . . . [T]he most critical factor is the degree of success obtained.

Id. at 424, 434.

Here, the court finds that plaintiff did not achieve "excellent" results. While she succeeded in proving statutory TILA damages, she did not prove a violation of CUTPA. A reduction is thus appropriate under this fourth step in the "presumptively reasonable fee" analysis. See, e.g., Adorno v. Port Authority of

10

New York and New Jersey, 685 F.Supp.2d 507, 516-18 (S.D.N.Y. 2010). The Court will not employ a strictly mathematical approach of reducing plaintiff's attorneys' fee by fifty percent to reflect that she only succeeded on fifty percent of her claims. Such an approach ignores the reality that separate claims in the same lawsuit are often on unequal footing, requiring different emphasis, priority, and investment of time and resources. The Court recognizes that a significant part of the work committed to the CUTPA claim was related to plaintiff's successful TILA claim. Nevertheless, this claim was a significant component of the litigation as a whole, and the plaintiff was unsuccessful in proving it to the Court. Further reduction of the fee award is thus necessary, not *simply* because plaintiff failed to prevail on every contention of the lawsuit, but in recognition of her partial success.

There is no precise rule or formula for making these determinations, and, because "it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application," a court may apply an across-the-board percentage cut "as a practical means of trimming fat from a fee application." New York State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1146 (2d. Cir. 1983). As is within its discretion, the Court will apply an across-the-board percentage cut when reducing the presumptively reasonable fee, rather then eliminating specific hours from

11

plaintiff's fee request.  See Adorno, 685 F.Supp.2d at 516-18.  First, it would be exceedingly difficult, if not impossible, from the record before the Court to identify which hours were specifically committed to the unsuccessfully claimed CUTPA violations.  With these considerations in mind, the court reduces the "presumptively reasonable fee" by thirty percent, resulting in an attorneys' fee award of $17,062.50.

The court emphasizes that proportionality between the award and the fee request played no role in its decision to reduce the fee request.  As discussed, reducing a fee request simply because it is disproportionate to a damage award runs contrary to the policies underlying TILA.  The reductions of the fee award outlined herein are based on the court's dual determinations that plaintiff ultimately achieved only partial success, and that much of the hours billed were either unnecessary or improperly inflated.

The plaintiff has also submitted a request for costs in the amount of $1,198.18.  The Court has reviewed the request, and finds that it is reasonable.  Accordingly, within 30 days, the defendant shall pay plaintiff's attorneys' the total sum of $18,260.68 for reasonable fees and costs in this case.

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this  24th   day of September, 2012.**


                                    **/s/ Thomas P. Smith          **
                                    **THOMAS P. SMITH**
                                    **UNITED STATES MAGISTRATE JUDGE**